O'NIELL, J. The issues in this case are the same as in the case of City of Lafayette. v. Leo Doucet (No. 22889) 86 South. 724, ante, p. 166, decided to-day. For the reasons given in that case,

The judgment appealed from is affirmed, at the cost of appellant.

---

(86 South. 726)

No. 22749.

SWAYZE BROS. v. FENNELL et al.

(Nov. 29, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Principal and agent** ⊊═ 147(2) — **Mandate; lessees from person other than owner required to ascertain authority.**

Lessees, on signing new lease subsequent to lessors' conveyance of premises with knowledge that the person with whom they conducted negotiations was not the owner, were required to ascertain whether such person had authority to represent the new owners.

2. **Principal and agent** ⊊═ 123(11)—**Mandate; evidence held not to prove authority to lease.**

In action involving the validity of a lease claimed to have been entered into by alleged agent without authority from owners, evidence *held* insufficient to prove agent's authority to represent owners in making the lease.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Ben C. Dawkins, Judge.

Suit by Swayze Bros. against Robert Fennell and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Briggs & McHenry, of Monroe, for appellants.

Randle & Shotwell, of Monroe, for appellees.

SOMMERVILLE, J. Plaintiffs sued for and obtained an injunction to prevent defendants from interfering with them in the possession of certain grass lands in the parish of Ouachita which they claimed to hold under a lease for two years executed by "John P. Parker, Sr., agent for Robert Fennell," and which lease defendants deny any knowledge of; and they allege that John P. Parker, Sr., was not their agent for making said lease or for any other purpose.

There was judgment in favor of defendants, and plaintiffs have appealed.

It appears from the evidence that plaintiffs had previously rented from the Bon Air Planting Company, Limited, of which John P. Parker, Sr., was president, the land in question for one year; with the privilege of renewing the lease for one or two years at their option. This lease was not recorded, and, before the expiration of the year, the Bon Air Planting Company, Limited, sold the plantation to the defendants, who went into possession of same without any knowledge or information of any lease being held by Swayze Bros. Having learned of the sale of the plantation, the Swayze Bros. notified the Bon Air Planting Company, Limited, of their intention to renew the lease on the same terms for two years, but gave no notice whatever of the renewal to Fennell Bros., the then owners of the plantation. In the following January, 1917, on the expiration of the lease, Fennell Bros. notified Swayze Bros. to vacate the land because they intended to plow it for cultivation. Thereupon this suit for an injunction was filed.

There is but one question in the case, and that is with reference to the agency of John P. Parker, Sr., to represent Robert Fennell, one of the defendants. Mr. Parker, as a witness on the stand, said that he did not say anything to the Fennell Bros. about the lease when they bought the plantation; but that Robert Fennell had subsequently written to him to ask him to see Mr. Swayze about renting the grass lands for another year. He says that was the only authority or mandate

he held from either one of the defendants, and that, when Swayze Bros. wrote him that they desired to renew the lease for two years, he said that:

"I was doing the best, acting to his (Robert Fennell's) best interest—and at the same time I stated to Mr. Swayze that, if there was any misunderstanding between Mr. Fennell and him, I would give him a pasture—grass Lespedeza—would take the revenue from the pasture—I wanted to help both parties."

Again, the witness said, "No, sir, I had no specific authority" to make this lease. He then went on to say that having made the original lease, containing the right of renewal, he was anxious to see that Mr. Swayze got the property for the two years. "I wanted to help Mr. Swayze out and help these gentlemen out, too." The witness did not remember who signed the lease and notes. He sent them to one of the defendants, by a third person; and defendants refused to receive them, saying that they did not authorize the making of the lease and would not stand for same.

[1] Plaintiffs knew full well that John P. Parker, Sr., was not owner of the plantation at the time of the signing of the lease by him, and the latter did not pretend to be the owner. He signed for Robert Fennell. It behooved plaintiffs to look well into the authority by which Parker appeared to be acting. Having failed to do so, they have only themselves to blame.

[2] The evidence is clear that John P. Parker, Sr., was not the agent of either one of the Fennells at any time; and that he was not authorized to enter into the contract of lease sued upon for the Fennells; and that there was no contract at any time between him and the Fennells.

The judgment appealed from is affirmed.

O'NIELL, J., concurs in the decree.

DAWKINS, J., takes no part, being recused.